# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALONZO FELLS, | ) |
|            Plaintiff, | ) |
| v. | ) Case No. 06 C 2519 |
| COUNTY OF DUPAGE, | ) Judge Virginia M. Kendall |
|            Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alonzo Fells ("Plaintiff") brings this action against the County of DuPage ("Defendant" or "County") claiming racial profiling, discrimination and misconduct in the DuPage County Sheriff's Office ("Sheriff" or "Sheriff's Office"). Plaintiff's claim stems from his April 30, 2003 arrest by DuPage County Deputy Sheriff J. Godfrey. Deputy Godfrey pulled over Plaintiff for a traffic violation and then arrested him for an outstanding warrant and for driving on a revoked/suspended driver's license. Plaintiff alleges that the only law he broke was "driving while black" in a mostly white area.

Defendant now moves to dismiss Plaintiff's Amended Complaint on the lone ground that the County cannot be held vicariously liable for the actions of a DuPage County deputy sheriff. Plaintiff filed no response. Because the Illinois Tort Immunity Act directs the County to pay any judgment or settlement for which it or an employee is liable, its Motion to Dismiss is denied. The Court, however, dismisses Plaintiff's Amended Complaint because there are no grounds for federal jurisdiction under the facts alleged. Also, it appears almost certain that Plaintiff's claim is barred by the applicable statute of limitations.

**Standard of Review**

When considering a motion pursuant to Rule 12(b)(6), a court must take as true all facts alleged in the complaint, and construe all reasonable inferences in favor of the plaintiff. *Murphy v. Walker*, 51 F. 3d 714, 717 (7th Cir. 1995). A Rule 12(b)(6) motion will not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). These liberal standards apply with particular force when considering dismissal of a pro se litigant's complaint. *See Castro v. U.S.*, 540 U.S. 375, 386 (2003) ("'Liberal construction' of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure").

**Discussion**

Plaintiff does not identify under what law he seeks relief, but a complaint need not identify a legal theory as long as "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992). And although Plaintiff did not file a response to the Motion to Dismiss, his Amended Complaint contains a short and plain statement of the facts underlying his claim. *See Curtis v. Bembenek*, 48 F.3d 281, 287 (7th Cir. 1995) ("A *pro se* plaintiff who has alleged well-pled facts supporting a claim for relief can withstand dismissal without responding to a motion to dismiss"). It is therefore Defendant's burden in its Motion to Dismiss to demonstrate why those allegations cannot support a claim for relief. *See Yeksigian v. Nappi*, 900 F.2d 101, 104-105 (7th Cir. 1990) ("The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint").

Broadly speaking, Plaintiff's claim regarding racial profiling, discrimination and misconduct in the DuPage County Sheriff's Office could be brought under federal law or state law. Assuming that his allegations state a claim, Plaintiff must demonstrate that this Court has jurisdiction over the

claim. Finally, Plaintiff must have asserted the claim within the statute of limitations period.

## I. Federal Law

Section 1983 is the federal statute that provides an action against a person who, under color of law, deprives a citizen of any "right, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 requires that Plaintiff allege an injury resulting from Defendant's policy. *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 783 (1997) ("A county is liable under § 1983 for those actions of its sheriff that constitute county 'policy'"), citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). A plaintiff proves a policy by demonstrating either: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) the act of a person with final policymaking authority. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). While the title of his Amended Complaint – racial profiling, discrimination and misconduct in the DuPage County Sheriff's Office – sounds like a policy claim, Plaintiff's allegations deal exclusively with the events surrounding his own arrest. Accordingly, neither Plaintiff's allegations, nor the reasonable inferences therefrom, indicate that Deputy Godfrey's actions were the result of a County policy and Plaintiff states no claim under federal law. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993) (traditional pleading standards apply to *Monell* claim).

## II. State Law

Defendant assumes that Plaintiff's claim is brought under state law. And, as such, Defendant argues that it cannot be vicariously liable under the state law doctrine of respondeat superior for the acts of a sheriff's deputy. Defendant is correct, a county is not liable under respondeat superior for

3

the acts of its sheriff's office because the sheriff is an independently elected county officer rather than an employee of the county. *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994); *see Franklin v. Zurba*, 150 F.3d 682, 685-86 n.4 (7th Cir. 1998) (stating that a county has no respondeat superior liability for the actions of the sheriff's office). But there is more than one way to skin a cat. In relevant part, the Illinois Tort Immunity Act states:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

745 ILCS 10/9-102. The legislative purpose behind the Tort Immunity Act is to subject local governmental units to liability on the same basis as private tortfeasors, except where the Act or another statute specifically provides immunity. *In re Consolidated Objections to Tax Levies of School District No. 205*, 739 N.E.2d 508, 515 (Ill. 2000). The County is a local public entity for purposes of the Tort Immunity Act. 745 ILCS 10/1-206.

When a plaintiff bases his claim on the tortious conduct of a county deputy sheriff, he must follow a winding course to the county treasury. First, he must prove that the deputy's conduct violated the law. Second, he must establish that the county sheriff is liable under the doctrine of respondeat superior or § 9-102 because the deputy's conduct was committed within the scope of employment. Last, and this final step is automatic, the county is responsible under § 9-102 for paying any judgment entered against the sheriff for the conduct of his deputies.

### A. Liability of Sheriff for Conduct of Deputy Godfrey

The chain of liability that would end with the County begins with Deputy Godfrey whose actions, when committed within the scope of employment, can be imputed through the doctrine of

4

respondeat superior or § 9-102 to the Sheriff. Thus, the first question is whether, as a matter of law, the Sheriff can be held liable for Deputy Godfrey's actions. Section 3-6016 of the Illinois Counties Code provides: "The sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for her own personal neglect or omission." 55 ILCS 5/3-6016. Plaintiff alleges intentional misconduct by Deputy Godfrey. Previously, courts in this district read § 3-6016 as barring liability against a sheriff for the intentional misconduct of a deputy. *See, e.g., Harris v. Sheahan*, 1998 WL 831822, *2 (N.D. Ill. 1998) ("[C]ourts have interpreted this statute to prohibit sheriff liability for a deputy's intentional or wanton misconduct") (relying on *J.P. Miller Artesian Well Co. v. County of Cook*, 352 N.E.2d 372, 373 (1976)). Recently, however, an Illinois Appellate Court held that § 3-6016 does not preclude liability against a sheriff based on the intentional or reckless acts of its deputies. *Brown v. King*, 767 N.E.2d 357, 363 (Ill. App. 2001). *Brown* explained that while § 3-6016 does not provide a cause of action based on a deputy's intentional misconduct, the plain language also does not bar such an action where the law otherwise provides for one. *Id.* Given that the Illinois Supreme Court has not ruled on the issue, this Court will follow *Brown*'s holding that a sheriff can be liable under respondeat superior or § 9-102 for the intentional misconduct of his deputies. *See Cooper v. Office of Sheriff of Will County*, 333 F. Supp. 2d 728, 734 (N.D. Ill. 2004) (following *Brown*); *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) ("[I]n the absence of prevailing authority from the state's highest court, federal courts ought to give great weight to the holdings of the state's intermediate appellate courts and ought to deviate from those holdings only when there are persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court").

Under either respondeat superior or § 9-102, the Sheriff is liable if Deputy Godfrey violated

5

Plaintiff's rights and was acting within the scope of his employment at the time he did so. *Pyne v. Witmer*, 543 N.E.2d 1304, 1308-09 (Ill. 1989). Plaintiff's allegation that Deputy Godfrey arrested him for "driving while black," if proved true, would violate his rights. An employee's conduct is within the scope of employment "if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and place limits; and (c) it is actuated, at least in part, by a purpose to serve the master." Restatement (Second) of Agency § 228 (adopted by Illinois Supreme Court in *Pyne*, 543 N.E.2d at 1308). Plaintiff's allegations that Deputy Godfrey was driving a police vehicle and took Plaintiff to the police station place Deputy Godfrey within the scope of his employment when he arrested Plaintiff. *See Coleman v. Smith*, 814 F.2d 1142, 1149-50 (7th Cir. 1987) (applying Illinois law and holding that police officers who falsely arrested the plaintiff were acting within the scope of employment); *Wright v. City of Danville*, 675 N.E.2d 110, 118 (Ill. 1996) ("[E]ven the criminal acts of an employee may fall within the scope of employment"). As such, Plaintiff has pleaded adequately the Sheriff's potential liability for Deputy Godfrey's actions.

### B. Liability of County for Judgment Entered Against Sheriff

If the Sheriff is found liable for Deputy Godfrey's actions, § 9-102 requires the County to pay the judgment. In answering a question certified to it by the Seventh Circuit, the Illinois Supreme Court held that "the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *See Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 141 (Ill. 2003). In applying this holding, it is important to understand that where a sheriff's liability is derivative, the sheriff only can be liable in his official capacity because it is the sheriff's office itself and not the sheriff personally that is responsible for the deputy's conduct. *See Kelly v. Ogilvie*, 212 N.E.2d 279, 281 (Ill. App. 1965), *aff'd*, 220 N.E.2d 174 (Ill. 1966) ("[A] public official [the sheriff] having the direction of a subordinate public employee [a deputy] is not thereby responsible for the latter's

6

conduct . . . It is the underlying public body [the sheriff's office] which is the principal or master"). When understood this way, a county's role as indemnitor under § 9-102 extends to any conduct committed by a deputy sheriff within the scope of his employment. *See Wallace v. Masterson*, 345 F. Supp. 2d 917, 926 (N.D. Ill. 2004) ("[A] suit or theory imposing liability on the Sheriff for [the deputy's] actions (whether under § 9-102 or through respondeat superior as to the Sheriff) cannot be anything other than a suit or liability against the Sheriff in his official capacity"). Accordingly, the County can be sued in this action arising from the conduct of Deputy Godfrey.

### C.     Failure to Sue Sheriff's Office or Deputy Godfrey

It is no impediment to Plaintiff's suit that he names only the County and not the Sheriff's Office or Deputy Godfrey. Illinois courts have "long recognized that in an action by a third party based on injuries caused by the negligence of the servant, the servant is not a necessary party in an action against the master." *McCottrell v. City of Chicago*, 481 N.E.2d 1058, 1059 (Ill. App. 1985). *McCottrell* applied this long-standing rule to claims subject to the Tort Immunity Act specifically. *Id.* at 1060. Thus, when § 9-102 directs a public entity to pay a tort judgment or settlement for which an employee is liable, the term liable should be read more akin to "culpable." That is, no actual finding of liability or entry of a judgment against the employee need be entered. Instead, "it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action." *See id.*

Because the County can be sued alone for a deputy sheriff's intentional misconduct pursuant to the County's liability under § 9-102, Plaintiff has stated a claim under Rule 12(b)(6).

## III.    Federal Jurisdiction

A federal district court has a duty to ensure its jurisdiction over the subject matter of a controversy. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (stating that federal

courts are "under an independent obligation to examine their own jurisdiction"). Federal Rule of Civil Procedure 8 requires that a complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1). Plaintiff's Amended Complaint does not include any grounds for this Court's jurisdiction. *See Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) (plaintiff has burden of demonstrating that jurisdictional requirements are met). Jurisdiction in a federal district court can be premised on a federal question or diversity of citizenship among the parties. 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction exists over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331. There is no federal law that would provide Plaintiff a claim against Defendant under the facts he alleges. *See supra* I; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. From the Incident Report attached to the Complaint, Plaintiff appears to be from the same state – Illinois – as Defendant. *See Rennie v. Garrett*, 896 F.2d 1057, 1057-58 (7th Cir. 1990) (in determining jurisdiction, a court can look beyond complaint). As such, Plaintiff has failed to establish grounds for this Court's jurisdiction.

**IV. Statute of Limitations**

Defendant begins its Motion to Dismiss by noting that "Plaintiff claims, that as a result of an incident on April 30, 2003, some three years before the filing of the aforementioned complaint, his civil rights were violated when he was arrested by 'Deputy J. Godfrey.'" From this auspicious start, the Court was certain that Defendant would move to dismiss based upon the statute of limitations. Alas, no such argument was forthcoming. When appropriate, however, the Court itself

may raise the statute of limitations issue. *See King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (affirming dismissal based upon statute of limitations where issue was raised sua sponte by the court and plaintiff was given an opportunity to show cause why the claims should not be barred).

A statute of limitations is an affirmative defense and not jurisdictional. *Smith v. City of Chicago Heights*, 951 F.2d 834, 839 (7th Cir. 1992). Typically, a plaintiff need not "anticipate or plead around" affirmative defenses in his complaint. *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). Nevertheless, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Northern Ind. Gun & Outdoor Shows. Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir. 1998) (quotations omitted). Plaintiff attached the Incident Report from the DuPage County Sheriff's Office to his Complaint. The Incident Report indicates that Deputy Godfrey arrested him on April 30, 2003. Plaintiff filed his Complaint with this Court on May 4, 2006.

If brought under federal law, Plaintiff's claim would be subject to a two-year statute of limitations. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461-62 (7th Cir. 1998) (statute of limitations for § 1983 claims brought in Illinois). A claim under the state Tort Immunity Act must be brought "within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101. As to when the clock begins to run, it starts when the plaintiff knows or should know that his rights have been violated. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2003); *see Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993) (regardless of whether a claim is brought under federal or state law, federal law governs the date when a claim accrues). Plaintiff's claim thus accrued on April 30, 2003, the date that Deputy Godfrey arrested him. *Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006). Seeing no equitable reason to toll the running

of the statute of limitations period or to estop Defendant from relying upon it, this Court finds that Plaintiff's claims likely are time barred. *See Singletary v. Continental Illinois National Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993) (explaining equitable tolling and estoppel).

## Conclusion and Order

Wherefore, Defendant's Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) is denied. The Court, however, dismisses Plaintiff's Amended Complaint because there are no grounds for federal jurisdiction under the facts alleged. As the Court raised the issues of jurisdiction and statute of limitations sua sponte and as Plaintiff is acting pro se, Plaintiff is granted leave to file a Second Amended Complaint within 14 days if he can plead a viable claim, not barred by the statute of limitations, and grounds for federal jurisdiction. Defendant should submit a statement within the same 14 days indicating whether it wishes to waive any statute of limitations defense. *See Bennett v. Hillard*, 2003 WL 21800074, *2 (N.D. Ill. 2003) (noting that "it is always of course possible that a defendant might waive a statute of limitations defense").

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 12, 2006